# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA GRAVES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-12-375-M |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration[1], | ) ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed her application for DIB on December 6, 2007, alleging a disability beginning on October 17, 2007 (TR. 10). The application was denied on initial

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

consideration and on reconsideration at the administrative level. At Plaintiff's request, an administrative law judge (ALJ) held a *de novo* hearing on June 9, 2010 (TR. 22-68). Contrary to the information in the Commissioner's Response Brief (ECF No. 12 at 2), Plaintiff appeared *pro se* at the administrative hearing, no medical expert testified, and Plaintiff was fifty-six-years-old, not thirty-five (TR. 10; 25-30). The ALJ did, however, take testimony from a vocational expert (VE) (TR. 61-67). On September 23, 2010, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled (TR. 10-17). Plaintiff retained counsel on October 13, 2010. Counsel sent a request for review of the ALJ's unfavorable decision to the Appeals Council along with a cover letter requesting a copy of the administrative hearing tape (ECF No. 11:1). The Appeals Council did not send a copy of the tape to counsel, and there is no evidence that counsel made further attempts or made further requests to secure a copy of the tape during the year and a half the case was pending before the Appeals Council. The Appeals Council denied Plaintiff's request for review on February 15, 2012, making the ALJ's decision the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on

substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the onset date of her alleged disability (TR. 12). At step two, the ALJ found Plaintiff's only severe impairments to be Degenerative Disc Disease and Osteoarthritis (TR. 12). The ALJ found that Plaintiff's alleged depression is not severe.

At step three, the ALJ determined that neither of Plaintiff's severe impairments, singly or in combination, meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13). At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is able to frequently carry less than ten pounds; the claimant can occasionally carry ten pounds; the claimant is able to stand for a total of two hours and sit for a total of six hours in an eight hour work day; the claimant cannot climb ladders, ropes or scaffolds; the claimant cannot balance; the claimant can push and pull objects less than ten pounds frequently; the claimant can push and pull ten pound objects occasionally; the claimant can occasionally climb stairs and ramps, kneel, crouch, crawl, stoop; and the claimant cannot work around vibrations; the claimant can work in a climate-controlled environment

(TR. 13-14). The ALJ then determined that Plaintiff is capable of performing her past relevant work as a billing clerk, front desk clerk, office manager and billing manager (TR. 16).

## ANALYSIS

In her Complaint, Plaintiff alleges that she established her eligibility for Social Security benefits by substantial evidence of record. She then states:

> The determination by the Defendant that the claimant's impairments are not disabling is in error because the undersigned filed a Request for Review with the Appeals Council and requested a copy of the file and an opportunity to file a brief on the errors because the Plaintiff was not represented at her hearing and because the undersigned counsel had no copy of the file to review

(ECF No. 1 at 3). The fact that the Appeals Council failed to provide a copy of the file to Plaintiff's counsel does not, of course, have any bearing on whether the ALJ's opinion is, or is not supported by substantial evidence. Plaintiff also contends that her due process rights were violated by the Appeals Council (ECF No. 1 at 3).

In her three page opening brief, (ECF No. 11), the only issue Plaintiff raises is that the administrative record is incomplete because the cover letter sent to the Appeals Council along with Plaintiff's request for review was not included in the administrative record. Plaintiff also contends that the failure of the Appeals Council to provide her counsel with a copy of the hearing tape, as requested in the cover letter, abrogated her due process rights (ECF No. 11:1). Plaintiff stated that she "should not be required to file a Brief in Chief until the AC has followed the law and permitted her a meaningful appeal with the AC" (ECF No. 11 at 3). In the alternative, Plaintiff requested this Court to "grant her an additional 30 days to file her Brief in chief" (ECF No. 11 at 3).

Although it appears that Plaintiff was seeking a remand of this case based on an allegation that the record was incomplete, Plaintiff's counsel did not designate his opening brief as a motion seeking either remand or an extension of time. Accordingly, the document was considered to be Plaintiff's opening brief, and the Commissioner filed a Response Brief on October 12, 2012. The Commissioner responded to Plaintiff's arguments and request for a remand. Although Plaintiff had not filed a proper motion for extension of time, this Court *sua sponte* afforded Plaintiff a thirty-day period in which to file a reply to the Commissioner's Response Brief.[2]

Judicial review of Social Security appeals and the circumstances under which a court may remand a case are strictly limited under 42 U.S.C. § 405(g). First, under sentence four of § 405(g), a court may review the merits of the claimant's case and

---

[2] On June 27, 2013, Plaintiff filed a Motion for Extension of Time to file her Reply (ECF No. 14). The Reply Brief was filed the next day and has been considered by this Court. Therefore, Plaintiff's Motion for Extension of time should be denied as moot.

"shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four. Remands other than on the merits of the case are covered in sentence six:

> The court may, **on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding**; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g) (emphasis added for sentence six).

In this case, the Commissioner did not request remand for further proceedings, and Plaintiff's request for remand based on an incomplete administrative record is not a request based on new and material evidence which has come to light. In the case of *Acevedo v. Barnhart*, 474 F.Supp.2d 1001, 1003 (E.D. Wis. 2007), the plaintiff sought remand because portions of the transcript were labeled "inaudible." The court noted that it could find no case where a sentence six remand based on an incomplete record

was granted on plaintiff's motion alone. Rather, the court noted, all such cases involving this issue appeared to be raised by motions made by the Commissioner. *Id.* at 1004. The court held that it lacked the authority to grant Plaintiff's motion for a sentence six remand based on an incomplete record. *Id.* at 1003, 1005.

Having carefully considered the case law and the plain language of the statute, the undersigned agrees that sentence six remands are limited to cases in which the Commissioner requests remand for good cause prior to filing her answer, or to cases in which new and material evidence has come to light, and good cause exists for failing to incorporate such evidence in the earlier proceeding. Neither situation is present in this case. Therefore, this Court lacks the authority to grant a sentence six remand.

To the extent that Plaintiff was seeking a remand to the Appeals Council based on review of the Appeals Council's actions, this Court lacks jurisdiction to provide the requested relief. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (when Social Security Appeals Council denies review, decision of the ALJ becomes the final decision of the Commissioner).

Plaintiff raises several challenges to the ALJ's decision for the first time in her Reply Brief. The Tenth Circuit Court of Appeals follows the general rule that an argument raised for the first time in a reply brief is deemed abandoned or waived. *See United States v. Redcorn,* 528 F.3d 727, 738 n. 4 (10th Cir. 2008) (*citing Hanh Ho Tran v. Trustees of State Colls. In Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in opening brief are deemed abandoned or waived.")) (*quoting Coleman v. B-G Maint. Mgmt. of Colo., Inc.,* 108 F.3d 1199, 1205 (10th Cir. 1997))); *Utahns for Better*

*Transp. V. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("[I]ssues will be deemed waived if they are not adequately briefed.")). In social security cases, "the district court acts as a first-tier appellate court[.]" *Hamilton v. Secretary of Health & Human Services of U.S.*, 961 F.2d 1495, 1501 (10th Cir. 1992) (citation omitted). This Court is not, therefore, required to consider any issues raised for the first time in Plaintiff's reply brief. *See Guidry v. Astrue*, No. CV 08-1846, 2009 WL 4884282, at *5, n. 8 (D. Colo. Dec. 10, 2009) (*citing M.D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n. 7 (10th Cir. 2009) (noting that "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief"); *Hofmann v. Astrue*, No. CV–08–00985, 2009 WL 2486011, at *8 n. 6 (D. Ariz. Aug. 12, 2009) ("The Court need not consider arguments raised for the first time in a reply brief.")).

In this case, Plaintiff waived all assignments of error raised for the first time in the Reply Brief. It is therefore recommended that the final decision of the Commissioner be affirmed.

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**. It is further recommended that Plaintiff's Motion for Extension of Time to File Reply, ECF No. 14, be **DENIED** as moot, since the Reply brief was filed and considered.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 1, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 18, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE